

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

IALD C. MANN
TORNEY GENERAL

March 1, 1939

Hon. Fred Erisman
District Attorney
Longview, Texas

Dear Sir:

Opinion No. 0-344
Re: Whether holding of a note by a
county commissioner on a filling
station which he formerly owned,
the county now making some pur-
chases from the station, in-
volves a violation of Art. 2340,
R. C. S., or Art. 373, P. C.

We are in receipt of your letter of January
28th, in which you request our opinion on the above
question.

Article 2340, R. C. S., 1925 is as follows:

"Before entering upon the duties of
their office, the county judge and each
commissioner shall take the official oath,
and shall also take a written oath that he
will not be directly or indirectly inter-
ested in any contract with, or claim against,
the county in which he resides, except such
warrants as may issue to him as fees of of-
fice..."

Article 373, R. C., 1925, follows:

"If any officer of any county....
shall become in any manner pecuniarily
interested in any contracts made by such
county,.....through its agents, or other-
wise, for the construction or repair of
any bridge, road, street, alley or house,
or any other work undertaken by such county,
.....shall become interested in any bid

or proposal for such work or in the purchase
or sale of anything made for or on account
of such county,....or who shall contract for
or receive any money or property, or the
representative of either, or any emolument
or advantage whatsoever in consideration of
such bid, proposal, contract, purchase or
sale, he shall be fined not less than fifty
nor more than five hundred dollars."

The foregoing statutes are based upon sound
public policy. The object is to insure to the county
strict fidelity upon the part of those who manage its
fiscal affairs. The rule prohibiting public officers
from being interested in public contracts should be
scrupulously enforced.

The authorities are practically unanimous to
the effect that the officer to be liable, must have an
interest (directly or indirectly), in the subject matter
of the contract. A remote contingency will not bring
said officer within the statutes.

The Texas rule is well stated in Texas Juris-
prudence, as follows:

"An officer is prohibited from acting
in his official capacity as to matters in
which he has an interest. Conspicuous exam-
ples of such prohibitions are those which
forbid....members of the commissioners' court
from consideration of any claim in which they
are interested. But to come within the rule
the officer's interest must be direct and
certain; he is not disqualified by an alleged
monetary interest which is at most contin-
gent, and may not in fact exist at all."
34 Tex. Jur. 499, 872.

Corpus Juris states the law to be:

"A pecuniary interest in the contract
direct or indirect is held to come within
the prohibition.....An interest to invalidate
the contract must be of a personal or private

nature.....It must be an interest in the sub-
ject matter of the contract itself as dis-
tinguished from outside interests of the....
officer incidentally affected by the making
of the contract." 44 C. J. 93, para. 2175.

In the case of City of Edinburg v. Ellis, 59
SW (2d) 99, the Commission of Appeals in a retailer's
action against the city for a balance due on an open
account, held the question of whether a city commission-
er who sold supplies to retail dealers, and who sold
such supplies to the retailer bringing the action, was
a fact question, finally determinable only by all the
attendant circumstances. If fraud and collusion could
be shown, the contract would be an illegal one.

From the authorities quoted, supra, we are of
opinion the county would not be precluded from making
purchases from the filling station in question, and that
there would be no violation of either statute you cite,
unless collusion and fraud be provable as to the com-
missioner affected.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:AW

APPROVED:

Grace G. Maur

ATTORNEY GENERAL OF TEXAS